UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 10, 2013

LETTER TO COUNSEL:

    RE:    *Marilyn Brooks v. Commissioner, Social Security Administration*;
            Civil No. SAG-10-2178

Dear Counsel:

On August 9, 2010, the Plaintiff, Marilyn Brooks, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19, 23). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Brooks filed her claim on March 29, 2006, alleging disability beginning on July 1, 2004.[1] (Tr. 84-96). Her claim was denied initially on September 21, 2006, and on reconsideration on December 15, 2006. (Tr. 58-62, 66-69). A hearing was held on February 20, 2008 before an Administrative Law Judge ("ALJ"). (Tr. 20-50). Following the hearing, on May 27, 2008, the ALJ determined that Ms. Brooks was not disabled during the relevant time frame. (Tr. 5-19). The Appeals Council denied Ms. Brooks's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Brooks suffered from the severe impairments of depression, anxiety, cervical disc syndrome, and migraine headaches. (Tr. 10). Despite these impairments, the ALJ determined that Ms. Brooks retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally balance, kneel, climb, crawl, crouch, and stoop. The claimant can never climb ladders, ropes, or scaffolds. She must avoid concentrated exposure to hazards and she is limited to simple unskilled work due to depressive symptoms and medication side effects.

(Tr. 12-13). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Brooks could perform jobs that exist in significant numbers in the national economy,

---

[1] After the hearing, Ms. Brooks amended her alleged onset date to January 2, 2006. (Tr. 509).

*Marilyn Brooks v. Commissioner, Social Security Administration*
Civil No. SAG-11-2178
January 10, 2013
Page 2

and that she was therefore not disabled during the relevant time frame. (Tr. 18).

Ms. Brooks raises several issues on appeal: that the RFC was insufficiently premised on medical opinions and failed to include both her migraines and her limitations in concentration, persistence, and pace; that the ALJ made an erroneous credibility finding; and that the ALJ erroneously relied on the VE's testimony following an inadequate hypothetical. Each of the arguments is unpersuasive.

With respect to the alleged inadequacy of the RFC, Ms. Brooks's first argument is that the ALJ "rejected" the opinions of all of the medical sources, and therefore that the RFC is "without medical basis." Pl. Mot. 5-6. In fact, however, the ALJ assigned "little weight" to the opinions of Dr. Ansari and Dr. Lee, which is not the same as "no weight" or outright rejection. (Tr. 16). Moreover, an ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 230-31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion as to an RFC, but should base an RFC on all available evidence). In this case, the ALJ provided an extensive narrative including summaries of the medical evidence, Ms. Brooks's subjective complaints, and the various medical opinions. (Tr. 13-17). In fact, demonstrating her thorough consideration of the record evidence, the ALJ expressly limited reliance on the opinions of DDS physicians who examined Ms. Brooks's records in 2006, noting that additional subsequent treatment records supported further limitations in her RFC. (Tr. 17). The ALJ properly based her RFC on all of the evidence of record, and her narrative discussion sufficed to allow review of her conclusions and the supporting evidence.

Similarly, substantial evidence supports the ALJ's decision not to include additional restrictions relating to migraines or concentration, persistence, and pace in Ms. Brooks's RFC. Both the migraine treatment and the limitations in concentration, persistence, and pace were addressed adequately by the restriction to "simple, unskilled work due to depression and medication side effects." (Tr. 13). Ms. Brooks noted that she had been able to work under pain medication, (Tr. 29), and that the medication caused side effects, such as sleepiness. (Tr. 38-39). No medical evidence supports "the need to lay down in a quiet dark room," Pl. Mot. 6, as a functional limitation precluding employment. Similarly, the finding of moderate impairment in concentration, persistence, and pace does not indicate that restrictions other than a limitation to simple, unskilled work would be necessary. *See, e.g., Bell v. Astrue,* No. 8:07-cv-00924-JKS, slip op. at *9 (D. Md. March 12, 2008) ("Even a finding of moderate impairment in a particular broad functioning area does not automatically indicate that a claimant's condition will significantly impact his or her ability to perform work-related functions.") (citations omitted). The ALJ's assessment of RFC, as noted above, was supported by substantial evidence.

Ms. Brooks also contests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as fatigue. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment

*Marilyn Brooks v. Commissioner, Social Security Administration*
Civil No. SAG-11-2178
January 10, 2013
Page 3

reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. She determined that Ms. Brooks's "medically determinable impairments could reasonably be expected to produce the alleged symptoms." (Tr. 15). However, she did not find Ms. Brooks's testimony as to the intensity, persistence, and limiting effects of her symptoms to be fully credible. *Id.*

In her credibility analysis, the ALJ provided an extensive summary of Ms. Brooks's hearing testimony. (Tr. 14-15). She continued with a review of the medical findings and noted that, although Ms. Brooks has a headache specialist, she continuously seeks emergency room treatment for headaches in lieu of consulting her physician. (Tr. 16). In addition, the ALJ noted that while Ms. Brooks reported that her neck was her "biggest health problem," she admitted not seeking current treatment for neck pain. *Id.* Moreover, the ALJ noted that Ms. Brooks's "alleged degree and frequency of anxiety attacks is not documented in the record." *Id.* The ALJ also reviewed the relatively robust activities of daily living reported by Ms. Brooks. (Tr. 15). Again, the comprehensive analysis provided by the ALJ provides substantial evidence to support her credibility conclusion.

Finally, Ms. Brooks argues that the ALJ presented an improper hypothetical to the VE. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). As set forth above, substantial evidence supported the ALJ's assessment of Ms. Brooks's mental RFC. As a result, her hypothetical question to the VE, which accurately incorporated the RFC assessment she made, was permissible without including any additional limitations that the ALJ did not deem valid.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 19) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 23) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge